**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEEPAK VOHRA, | No. 13-55837 |
| Plaintiff-Appellant, | D.C. No. 8:11-cv-01267-DSF-RZ |
| v. | |
| CITY OF PLACENTIA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted March 8, 2017
Pasadena, California

Before: REINHARDT, TASHIMA, and NGUYEN, Circuit Judges.

1. In this Section 1983 action, Deepak Vohra ("Vohra") is barred *by Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), from challenging Lieutenant Pascarella's ("Pascarella") initial traffic stop for driving without a front license plate. Vohra was convicted of an infraction of Cal. Vehicle Code § 5200(a) (display of license

---

 \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

plates) after he entered a guilty plea. That conviction bars him from challenging the traffic stop for lack of reasonable suspicion.

2. Summary judgment was improper on Vohra's Section 1983 claim for false arrest. There is a genuine factual dispute as to whether Pascarella lacked probable cause to arrest Vohra for evading a police officer. Vohra was arrested and detained for evading an officer in violation of California Vehicle Code § 2800.1(a). Misdemeanor evasion requires intentional flight from a police officer in the presence of "four distinct elements": "(1) a red light, (2) a siren, (3) a distinctively marked vehicle, and (4) a peace officer in a distinctive uniform." *People v. Hudson*, 136 P.3d 168, 171 (Cal. 2006), *as modified* (Aug. 23, 2006) (citation omitted).

There is a genuine dispute of material fact as to when Pascarella first activated his siren. Pascarella claims he activated it near the intersection of Orangethorpe and Miller. According to Vohra, there were no flashing lights or siren until he was approaching the intersection of Orangethorpe and Rose. The district court erred in disregarding Vohra's declaration as a sham: nothing in Vohra's deposition "flatly contradicts," or is unambiguously inconsistent with, his declaration. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 999 (9th Cir. 2009).

2

In light of the genuine dispute about when Pascarella first activated his siren, summary judgment was improper.

3. Pascarella is not entitled to qualified immunity on Vohra's false arrest claim. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015).

First, viewing the facts in the light most favorable to Vohra, they show that the officer violated a constitutional right by arresting Vohra without probable cause to believe he had committed the crime of evading an officer. Second, they show that Pascarella violated a clearly established right: it was unreasonable for him to believe he had probable cause to arrest Vohra for evasion. Pascarella offers no argument that he is entitled to qualified immunity under *Vohra's account* of the facts, which maintains that he pulled over as soon as the light turned green at the intersection of Orangethorpe and Rose, where Pascarella first activated his siren. This conduct unquestionably could not be considered by any reasonable or competent officer to constitute "willfully flee[ing] or otherwise attempt[ing] to elude a pursuing peace officer's motor vehicle." California Vehicle Code § 2800.1(a).

4. Pascarella is not entitled to summary judgment on Vohra's First Amendment retaliation claim. A First Amendment retaliation claim has two elements. First, the plaintiff must "demonstrate that the officers' conduct would chill a person of ordinary firmness from future First Amendment activity." *Ford v. City of Yakima*, 706 F.3d 1188, 1193 (9th Cir. 2013). Second, he must "prove that the officers' desire to chill his speech was a but-for cause of their allegedly unlawful conduct." *Id.*

As to the first element, a rational jury could conclude that Vohra was arrested without probable cause, which is sufficient to establish the first element of retaliation. *See Beck v. City of Upland*, 527 F.3d 853, 869 (9th Cir. 2008). With respect to the second element, it is undisputed that Vohra wrote several letters to Chief Anderson, lodging various complaints. Pascarella maintains that he never had contact with Vohra before the night of the arrest and that he was unaware at that time of Vohra's letters and complaints. Vohra, however, has consistently maintained that after he was stopped and arrested, he asked Pascarella why he was arrested, and that Pascarella responded, "So you can write another letter to the chief of police." **SER 38, 199, 359**. In light of the genuine factual dispute about what was said when Vohra was stopped and whether probable cause existed to

4

arrest him, we reverse the grant of summary judgment to Pascarella on the retaliation claim

4. Pascarella is not entitled to qualified immunity on Vohra's First Amendment retaliation claim. "While the issue of causation ultimately should be determined by a trier of fact, [Vohra] has provided sufficient evidence for a jury to find that [Pascarella's] retaliatory motive was a but-for cause" of his arrest without probable cause, "thus satisfying the causation element of a First Amendment retaliation claim for the purposes of qualified immunity." *Ford*, 706 F.3d at 1194. The second prong (clearly established law) of the qualified immunity analysis is also satisfied. In October 2010, the law of this circuit gave Pascarella "fair notice" that it would be unlawful to arrest Vohra in retaliation for his complaints: "Police officers have been on notice at least since 1990 that it is unlawful to use their authority to retaliate against individuals for their protected speech." *Id.* at 1195.

5. Defendants are entitled to summary judgment on Vohra's equal protection claim, which amounts to a claim of racially-motivated selective enforcement. To survive summary judgment on this claim, Vohra must introduce some evidence "that similarly situated defendants . . . could have been prosecuted, but were not." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 920 (9th Cir. 2012) (quoting *United States v. Armstrong,* 517 U.S. 456, 469 (1996)). Vohra has failed to provide any evidence

5

that Pascarella or the Department failed to investigate or prosecute similarly situated individuals. Summary judgment on the equal protection claim is affirmed.

6. The district court did not err in dismissing Chief Anderson. Under Section 1983, a supervisor may be liable based on either "(1) his or her personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Mackinney v. Nielsen*, 69 F.3d 1002, 1008 (9th Cir. 1995). Vohra has failed to allege any personal involvement by Chief Anderson or that Chief Anderson himself, rather than the Department, acquiesced in constitutional violations or failed to adequately supervise officers. Chief Anderson's mere knowledge of Vohra's past complaints is insufficient to establish supervisory liability. *Mackinney*, 69 F.3d at 1008. Dismissal of Chief Anderson is affirmed.

7. The district court did not err in granting summary judgment to the City of Placentia ("the City"). "[A] plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal policy or custom that caused the plaintiff's injury." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1027 (9th Cir. 2015) (citation and quotation marks omitted). Vohra has failed, however, to present sufficient evidence of such a policy or custom upon which the City's liability

6

might be based.[1] We affirm summary judgment for the City.

8. For the reasons given above, we: (1) **reverse** the grant of summary judgment and remand for further proceedings on Vohra's false arrest and First Amendment retaliation claims against Pascarella; (2) **affirm** the grant of summary judgment of his equal protection claim; (3) **affirm** the dismissal of Chief Anderson; (4) **affirm** the grant of summary judgment to the City **and remand** for proceedings consistent with this memorandum disposition.

Costs on appeal are awarded to appellant.

---

[1] The district court did not abuse its discretion in denying Vohra's motion to compel as to any of his discovery requests.